IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM A. JENSEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>I.R.S., COMPTROLLER OF CURRENCY DEPT HUD 1A, HOWARD, LEWIS & PETERSON, P.C., PARSONS, BEHLE & LATIMER, JODY HOWE, and AXIOM FINANCIAL<br><br>　　　　　　　Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 2:16-cv-00357<br><br>United States District Court Judge Clark Waddoups<br><br>Magistrate Judge Dustin Pead |

District Judge Clark Waddoups referred this case to Magistrate Judge Dustin Pead pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 6.) At the outset, the court notes that William Jensen (Jensen or Plaintiff) has been permitted to proceed in forma pauperis under 28 U.S.C. §1915 (IFP Statute). (ECF No. 2.)

## I. BACKGROUND

On August 23, 2016, this court entered an Order dismissing Jensen's complaint without prejudice and granting him fifteen (15) days within which to file an amended complaint correcting the deficiencies in his original pleading. (ECF No. 11.) One day after the court issued its Order, Jensen filed "Amendment 1" indicating that he needed additional "time [t]o find all of the information." (ECF No. 12.) The court granted Plaintiff an extension of time (ECF No. 21), and on October 13, 2016, Jensen filed his "Amended Complaint" (ECF No. 23) along with one hundred and eighty six (186) pages of "Exhibits". (ECF No. 24.) Thereafter, Jensen filed three

additional and separate amended complaints against Frank S. Naylor 4th (ECF No. 25), the Internal Revenue Service (IRS) (ECF No. 29) and the Comptroller of Currency (ECF No. 30.)[1] Jensen also filed a multitude of documents for the court's review including liens, deeds, personal banking statements and medical records.[2]

## II. ANALYSIS

**Screening The Complaint Under 28 U.S.C. § 1915.**

As addressed previously (ECF No. 11), Plaintiff proceeds under the federal IFP Statute and therefore his pleadings must be screened to determine whether they should be served upon the named defendants or dismissed. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e) of the statute provides that a court shall "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The court applies "the same standard of review for dismissals under §1915(e)(2)(B)(ii) that [it]

---

[1] The caption of Jensen's original complaint does not identify Mr. Naylor as a named Defendant. Mr. Naylor is, however, referenced in the body of the pleading (ECF. No. 3.)

[2] *See generally,* Notice of Document Re: Remodeling ( ECF No. 26), Notice of Filing Lien (ECF No. 27), Letter to Magistrate Judge Pead (ECF No. 28), Amended Complaint Damages Caused By Internal Revenue Service (ECF No. 29), Amended Complaint Forgery, Conversion, Fraud, concealment, liability" (ECF No. 30), Motion Deed of Trust (ECF No. 31), Explanation of Damages Caused (ECF No. 32), Motion & Request (ECF No. 33), Complaint of illegal bankruptcy filing (ECF No. 34), Exhibits (ECF No. 35), Decision For Stay Or Not (ECF No. 36), Letter to Magistrate Judge Pead (ECF No. 37), Forgery of Lien Documents (ECF No. 38), Letter To Magistrate Judge Pead From Western Forensic Document Examiner, Curriculum Vitae of Kath Carlson, Court Qualified Forensic Document Examiner (CFDE), Plaintiff's Medical Records (ECF No. 39), Motion, Complaint & Damages (ECF No. 40), Letter to Magistrate Judge Pead (ECF No. 41), Document (ECF No. 42), Letter to Judge Waddoups (ECF No. 43), Letters From University of Utah Neurology Clinic, Plaintiff's Medical Records (ECF No. 44), Letter From Mr. Jensen Re: Counsel (ECF No. 45), Exhibits (Banking statements, Copies of Checks) (ECF No. 46), Motion Of Information (ECF No. 47), Brenda Jensen's Medical Records From University of Utah Orthopedic Center, Trust Deed (ECF No. 48), Motion Of Information (ECF No. 49), Letter to Magistrate Judge Pead (ECF No. 50).

employ[s] for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.33d 1214, 1217 (10th Cir. 2007) (*citing Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). After review of Jensen's amended complaints, under the screening provision of 28 U.S.C. §1915(e), the court recommends dismissal for failure to state a claim on which relief can be granted.[3]

In its prior Order, the court granted Plaintiff leave to cure the deficiencies of his original pleading. However, even under the liberal interpretations afforded pro se litigants Jensen has failed to do so.[4] The court's earlier Order required compliance with the pleading requirements of federal rule 8 and local rule DUCivR 3-5, and directed Plaintiff to specifically identify the named Defendants and state "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); Fed. R. Civ. P. 8(a)(2) (pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief."); DUCivR 3-5 (the complaint "should state the

---

[3] An *in forma pauperis* complaint may also be dismissed pursuant to 28 U.S.C. §1915(d) which gives a court the power to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). A complaint may not be dismissed under §1915(d) "simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33, 118 L.Ed. 2d 340, 112 S. Ct. 1728 (1992).

[4] As a *pro se* litigant the Court construes Plaintiff's complaint liberally and holds him to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In general, when "the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *United States v. Winston,* 373 Fed. Appx. 826, 828 (10th Cir. 2010) (*citing Hall,* 935 at 1110).

basis for the court's jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief.").

Plaintiff's Amended Complaint, dated October 13, 2016, fails to identify any specific Defendants and only references random individuals and entities throughout the body of the narrative style document. (ECF No. 23.) Additionally, while Jensen's subsequent amendments identify Frank S. Naylor 4th, the Internal Revenue Service and the Comptroller of Currency as Defendants (*see* ECF No. 25, ECF No. 29, ECF No. 30), none of the referenced pleadings contain any identifiable causes of action or legally cognizable theories. Instead, the pleadings remain difficult, if not impossible, to decipher and, absent any chronology or context, arbitrarily reference foreclosures, illegal liens, forged documents, garnishments and Plaintiff's health issues. While sympathetic to Jensen's concerns, it is not the obligation of this court to "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005); *see also Hall v. Bellmon,* 635 F.2d 1106, 1110 ("We do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf.").

Accordingly, based upon his failure to properly amend his complaint in order to state a claim upon which relief can be granted, the court hereby RECOMMENDS to the District Court that Plaintiff's Amended Complaints be dismissed. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

## III. RECOMMENDATION

For the reasons now stated herein, the court RECOMMENDS:

1. Plaintiff's Amended Complaints be dismissed (ECF. Nos. 12, 23, 25, 29, 30).

2. Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). A party must file an objection to this Report and Recommendation within fourteen (14) days of being served. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 2nd day of February, 2017.

_____
Dustin Pead
U.S. Federal Magistrate Judge